UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRAE REID,** | **:** CIVIL ACTION NO. 1:06-CV-2429 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **TROY WILLIAMSON, Warden,** | : |
| Respondent | : |

### MEMORANDUM

Tyrae Reid ("Reid"), an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), filed the instant petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241.  Reid challenges his federal conviction and sentence.  Specifically, Reid alleges that he was sentenced without consideration of a pre-sentence report and that his counsel was ineffective in failing to file a motion to suppress specific evidence or a direct appeal.  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.     Statement of Facts**

On January 19, 2001, in the United States District Court for the District of Maryland, Reid received a 151-month prison sentence following a guilty plea. (Doc. 1 at 3.)  Reid did not file a direct appeal from his conviction or sentence. (Doc. 1 at 3-4.)  Reid now alleges that he is being held unlawfully because: (1) he was sentenced as a career offender despite the fact that a pre-sentence report was not available to the sentencing court, (2) his attorney failed to "mitigate the drugs

amount under the personal use principle," (3) his attorney failed to file a motion to suppress certain evidence prior to the entry of his plea, and (4) his attorney failed to pursue an appeal of his conviction or sentence despite Reid's request.[1]  (Doc. 1 at 3-5.)  Reid filed the instant petition (Doc. 1) on November 15, 2006.

## II. Discussion

Generally, 28 U.S.C. § 2255 is the appropriate vehicle by which federal prisoners may challenge the legality of a conviction or sentence.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (stating that a § 2255 motion is "the usual avenue for federal prisoners seeking to challenge the legality of their confinement"); Anderson v. Minor, No. 1:CV-06-1734, 2007 WL 707034, at *1 (M.D. Pa. Mar. 2, 2007) (same).  Furthermore, the United States Court of Appeals for Third Circuit has held that "as to issues cognizable by the sentencing court under § 2255, a motion under that section supersedes habeas corpus and provides the

---

[1] The court notes that Reid has requested an evidentiary hearing based on his allegation of ineffective assistance of counsel.  (Doc. 13 at 11.)  A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must show that: (1) counsel's representation was objectively unreasonable, and (2) counsel's deficient performance was prejudicial.  See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 688 (1984)).  The United States Court of Appeals for the Third Circuit has noted that "[p]rejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client."  Solis v. United States, 252 F.3d 289, 293-94 (3d Cir. 2001).  When a defendant is convicted of a crime and alleges that counsel failed to appeal the conviction, the defendant is generally entitled to a hearing to prove that he made the request and that counsel failed to act upon the request.  Id. at 295.  Because the court will dismiss Reid's petition for lack of jurisdiction, however, the court need not reach the merits of Reid's ineffective assistance of counsel claim and will not grant an evidentiary hearing.  See Littles v. United States, 142 F. App'x 103, 104 (3d Cir. 2005) (per curiam).

exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972); see also United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683 (3d Cir. 1954) (same). A motion under § 2255 must be filed in the district court where the defendant was convicted and sentenced. See 28 U.S.C. § 2255 (stating that the motion must be filed in "the court which sentenced" the defendant).

A federal prisoner may, however, seek habeas relief under 28 U.S.C. § 2241 from a court other than the sentencing court where the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 ("[I]n a situation where the § 2255 procedure is shown to be 'inadequate or ineffective,' a prisoner is entitled to apply for a writ of habeas corpus, and courts are empowered to grant the writ by 28 U.S.C. § 2241."); Dorsainvil, 119 F.3d at 248-52 (noting the narrow "safety-valve" exception to § 2255). The Third Circuit has noted that a motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (citing Davis, 212 F.2d at 684). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of

limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. In other words, courts narrowly construe the "safety-valve" exception to § 2255 recognized by the Third Circuit in Dorsainvil. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("In re Dorsainvil was a rare situation."). If a petitioner challenges a federal conviction or sentence under § 2241 but fails to meet the requirements of this narrow exception, the petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

In the matter *sub judice*, Reid has not shown that 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his sentence. Reid claims that he "believe[s] since his attorney failed to file his direct constitutional appeal, his collateral challenges was [sic] void." (Doc. 1 at 6.) Furthermore, Reid alleges that counsel "induce[d] petitioner to waiver [sic] his collateral review during sentencing," thereby rendering § 2255 inadequate or ineffective. (Doc. 13 at 4.) The fact that Reid waived his right to an appeal under § 2255 in a plea agreement does not render § 2255 inadequate or ineffective. See Anderson v. Minor, No. 1:CV-06-1734, 2007 WL 707034, at *2 (M.D. Pa. Mar. 2, 2007) ("The fact that Petitioner may have voluntarily waived the right to bring a § 2255 motion does not mean that the remedy itself is inadequate or insufficient."). Reid has merely demonstrated his personal inability to utilize the § 2255 remedy. Reid's claim does not fall within the narrow "safety-valve" exception to § 2255 outlined by the Third Circuit in Dorsainvil. In that case, the Third Circuit held that the § 2241 remedy was available

4

only to a petitioner who had no earlier opportunity to challenge a conviction based upon conduct that is no longer criminal because of an intervening change in the law. Dorsainvil, 119 F.3d at 251. In the instant case, Reid has not alleged that an intervening change in the law has rendered him innocent of the federal charges to which he pled guilty.

The court notes that Reid would most likely be time-barred from bringing an appeal under § 2255.[2] See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."). However, the fact that Reid's present circumstances may preclude him from invoking the remedy available to him under § 2255 does not demonstrate the inadequacy or the inefficacy of the remedy itself. See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative.") (citation omitted). Accordingly, the court will dismiss Reid's petition for lack of jurisdiction.

An appropriate order will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:		September 11, 2007

---

[2] Dismissal in this court has no effect on Reid's right to file a § 2255 motion in the United States District Court for the District of Maryland as there is no jurisdictional bar to such a motion. Even though it appears that a § 2255 motion would be untimely, the statute of limitations is an affirmative defense that must be raised by the government, see United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005), or by the court *sua sponte*. Id. at 166.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRAE REID**, | : CIVIL ACTION NO. 1:06-CV-2429 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **TROY WILLIAMSON, Warden**, | : |
| Respondent | : |

### ORDER

AND NOW, this 11th day of September, 2007, upon consideration of petitioner's motion for habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice to petitioner's right to file a 28 U.S.C. § 2255 motion in the United States District Court for the District of Maryland.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge